NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONG YU,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　　　Respondent. | No.　14-73921<br><br>Agency No. A205-554-217<br><br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017[**]

Before:　THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

　　　Dong Yu's motion to submit this case on the previously filed opening brief

(Docket Entry No. 28) is granted.

　　　Yu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in the record regarding Yu's experiences while reporting weekly to police following his release, when police first visited Yu's wife after his departure from China, and when Wang was released from detention. *See id.* at 1048 (adverse credibility determination was reasonable under "the totality of circumstances"). We reject Yu's contention that the IJ mischaracterized his testimony. Yu's explanations do not compel the contrary result. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, in this case, Yu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Yu's CAT claim also fails because it is based on the same testimony found not credible, and Yu does not point to any evidence that compels the finding that it is more likely than not he would be tortured by or with the consent or acquiescence

14-73921

of the government if returned to China.  *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**